AO-10 (WP)
Rev. 1/2004

# FINANCIAL DISCLOSURE REPORT
## FOR CALENDAR YEAR 2004

Report Required by the Ethics
in Government Act of 1978,
(5 U.S.C. App. §§101-111)

| 1. Person Reporting (Last name, first, middle initial) | 2. Court or Organization | 3. Date of Report |
|---|---|---|
| Murphy, Harold L. | Northern District of Georgia | 3-7-05 |

| 4. Title (Article III judges indicate active or senior status; magistrate judges indicate full- or part-time) | 5. Report Type (check appropriate type) | 6. Reporting Period |
|---|---|---|
| United States District Judge-Active | ___ Nomination, Date _____ <br> ___ Initial  X  Annual ___ Final | 01/01/04 to 12/31/04 |

| 7. Chambers or Office Address | 8. On the basis of the information contained in this Report and any modifications pertaining thereto, it is, in my opinion, in compliance with applicable laws and regulations. |
|---|---|
| P.O. Box 53 <br> Rome, GA 30162 | Reviewing Officer _____ Date _____ |

IMPORTANT NOTES: The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information. Sign on last page.

## I. POSITIONS. (Reporting individual only; see pp. 9-13 of Instructions.)

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| ☐ NONE (No reportable positions.) | |
| 1 Co-executor & Trustee of Estate Number 1. | |
| 2 Executor of Estate Number 2. | |
| 3 | |

## II. AGREEMENTS. (Reporting individual only; see pp. 14-16 of Instructions.)

| DATE | PARTIES AND TERMS |
|---|---|
| X NONE (No reportable agreements.) | |
| 1 | |
| 2 | |

## III. NON-INVESTMENT INCOME. (Reporting individual and spouse; see pp. 17-24 of Instructions.)

| DATE | SOURCE AND TYPE | GROSS INCOME |
|---|---|---|
| **A. Filer's Non-Investment Income** | | |
| X NONE (No reportable non-investment income.) | | |
| 1 | | $ |
| 2 | | $ |
| 3 | | $ |

**B. Spouse's Non-Investment Income** - If you were married during any portion of the reporting year, please complete this section. (dollar amount not required except for honoraria)

| | | |
|---|---|---|
| X NONE (No reportable non-investment income.) | | |
| 1 | | |
| 2 | | |

## IV. REIMBURSEMENTS -- transportation, lodging, food, entertainment.
*(Includes those to spouse and dependent children. See pp. 25-27 of Instructions.)*

SOURCE                                    DESCRIPTION

| X | NONE (No such reportable reimbursements.) |
|---|---|

1

2

3

4

5

6

7

## V. GIFTS. *(Includes those to spouse and dependent children. See pp. 28-31 of Instructions.)*

SOURCE                    DESCRIPTION                    VALUE

| X | NONE (No such reportable gifts.) |
|---|---|

1                                                        $

2                                                        $

3                                                        $

4                                                        $

## VI. LIABILITIES. *(Includes those of spouse and dependent children  See pp. 32-33 of Instructions.)*

CREDITOR                    DESCRIPTION                    VALUE CODE*

| X | NONE (No reportable liabilities.) |
|---|---|

1

2

3

4

5

## VII. Page 1 INVESTMENTS and TRUSTS -- income, value, transactions *(Includes those of spouse and dependent children. See pp. 34-57 of Instructions.)*

| A. Description of Assets (including trust assets) First (A) name and place | B. Income during reporting period (1) Amt Code (A-H) | B. (2) Type (e.g. div. rent or int.) | C. Gross value end of reporting period (1) Value Code 2 (J-P) | C. (2) Value Method Code (Q-W) | D. Type (e.g. buy, sell, merger redemption) | D. (2) Date Month Day | D. (3) Value Code 2 (J-P) | D. (4) Gain Code (A-H) | D. (5) Identity of buyer/seller (if private transaction) |
|---|---|---|---|---|---|---|---|---|---|
| ☐ NONE (No reportable income, | | | | | | | | | |
| 1 First Polk Bankshares, Inc. | E | Div. | None | | Merger | 9/30/04 | See Part VIII | | |
| 2 First Haralson Corporation | E | Div. | P 1 | T | | | | | |
| 3 Tract 1 Unimproved land in Haralson Co., Ga. | A | Rent | M | W | | | | | |
| 4 Tract 2 Unimproved land in Haralson County, Ga. | C | Rent | L | W | | | | | |
| 5 Tract 3 Unimproved land in Haralson County, Ga. | E | Rent | O | W | | | | | |
| 6 Tract 4 ½ interest in Farm Haralson County, Ga. | D | Rent | O | W | | | | | |
| 7 Life insurance Metropolitan Life Ins. Co. | A | Int. | K | V | Value method is paid up value of policy | | | | |
| 8 Life Insurance Metropolitan Life Ins. Co. | | None | K | V | Value method is paid up value of policy | | | | |
| 9 National Service Life Insurance | A | Div. | J | V | Value method is paid up value of policy | | | | |
| 10 First National Bank of Georgia, Buchanan, Ga. | A | Int. | L | T | | | | | |
| 11 Tract 5 - Tract of land in Tallapoosa, Ga. | | none | L | W | | | | | |
| 12 First National Bank of Georgia, Buchanan, Ga. | A | Int. | J | T | | | | | |
| 13 First National Bank of Georgia, Buchanan, Ga. | A | Int. | L | T | | | | | |
| 14 Coca Cola | A | Div. | J | T | | | | | |
| 15 First Haralson Corporation | A | Div. | J | T | | | | | |
| 16 | | | | | | | | | |
| 17 | | (Continued on next Page) | | | | | | | |

## VII. Page 2 INVESTMENTS and TRUSTS -- income, value, transactions *(Includes those of spouse and dependent children. See pp. 34-57 of Instructions.)*

| | A. Description of Assets | B(1) Amt. Code | B(2) Type | C(1) Value Code | C(2) Value Method | D Type | Date Month Day | Value Code | Gain Code | Identity of buyer/seller |
|---|---|---|---|---|---|---|---|---|---|---|
| | **NONE** (No reportable income, assets, or transactions) | | Page | 2 of Part VII. | | | | | | |
| 18 | First Polk Bankshares, Inc. | B | Div. | None | | Merger | 9/30/04 | See Part VIII | | |
| 19 | Metlife Policy Holders Trust | A | Div. | J | T | | | | | |
| 20 | Metlife Policy Holders Trust | A | Div. | J | T | | | | | |
| 21 | Chevron Texaco Corp. | B | Div. | L | T | | | | | |
| 22 | ½ Interest on Security Deed and Note against | C | Princ. & Int. | None | | Payment in full | 11/24/04 | J | C | Terry Brewer |
| 23 | land in Haralson County, Ga. | | | Security deed & Note against property held by reporte | | | | | | |
| 24 | | | | Balance of principal & interest paid in full on November 24, 2004. Lien against property to secure | | | | | | |
| 25 | | | | debt cancelled. | | | | | | |
| 26 | Southcrest Financial Group, Inc. | | None | P 1 | T | Merger | 9/30/04 | See Part VIII | | |
| 27 | Southcrest Financial Group, Inc. | | None | K | T | Merger | 9/30/04 | See Part VIII | | |
| 28 | | | | | | | | | | |
| 29 | | | | | | | | | | |
| 30 | | | | | | | | | | |
| 31 | | | | | | | | | | |
| 32 | | | | | | | | | | |
| 33 | | | | | | | | | | |
| 34 | | | (Continued on Next Page) | | | | | | | |

## VII. Page 3 INVESTMENTS and TRUSTS -- income, value, transactions *(Includes those of*
*spouse and dependent children. See pp. 34-57 of Instructions.)*

| Description of Assets (including trust assets) | Income during reporting period (A) Amt Code 1 | (B) Type | Gross value at end of reporting period (1) Value Code 2 | (2) Value Method Code | Transactions during reporting period (1) Type | (2) Date Month-Day | (3) Value Code 2 | (4) Gain Code 1 | (5) Identity of buyer/seller |
|---|---|---|---|---|---|---|---|---|---|
| NONE (No reportable income, assets, or transactions) | Page 3 of Part VII TRUST I | | | | | | | | |
| Tract # 1 - Land Lots in Haralson County, Ga. with old residence, barn & cabin (land is in timber & pasture) | | None | N | W | | | | | |
| Tract # 2 - Land Lot in Haralson County, Ga. (Woodlands) | | None | K | W | | | | | |
| Tract # 3 -Land Lots in Haralson County, Ga. (Woodlands) | | None | K | W | | | | | |
| Savings Account Regions Bank, Cedartown, Ga. | A | Int. | J | T | | | | | |
| Certificate of Deposit First National Bank of Polk County, Georgia Cedartown, GA | B | Int. | L | T | | | | | |
| Checking Account, First National Bank of Polk County, Cedartown, GA | A | Int. | J | T | | | | | |
| Morgan Stanley Dean Dean Witter Active Assets Money Trust | J | Int. | L | T | | | | | |
| Bank of Upson, Thomaston, Ga. Certificate of Deposit | B | Int. | M | T | | | | | |
| | | (Continued on Next Page) | | | | | | | |

1. Income/Gain Codes: A=$1,000 or less B=$1,001-$2,500 C=$2,501-$5,000 D=$5,001-$15,000 E=$15,001-$50,000
(See Col. B1, D4) F=$50,001-$100,000 G=$100,001-$1,000,000 H1=$1,000,001-$5,000,000 H2=More than $5,000,000
2. Value Codes: J=$15,000 or less K=$15,001-$50,000 L=$50,001-$100,000 M=$100,001-$250,000
(See Col. C1, D3) N=$250,001-$500,000 O=$500,001-$1,000,000 P1=$1,000,001-$5,000,000 P2=$5,000,001-$25,000,000
P3=$25,000,001-$50,000,000 P4=More than $50,000,000
3. Value Method Codes: Q=Appraisal R=Cost (Real Estate Only) S=Assessment T=Cash/Market
(See Col. C2) U=Book Value V=Other W=Estimated

## VII. Page 4 INVESTMENTS and TRUSTS -- income, value, transactions    *(Includes those of spouse and dependent children. See pp. 34-57 of Instructions.)*

| Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | A. Income during reporting period (1) Amt. Code1 (A-H) | (2) Type (div., rent, or int.) | B. Gross value at end of reporting period (1) Value Code2 (J-P) | (2) Value Method Code3 (Q-W) | C. Transactions during reporting period (1) Type (buy, sell, merger, redemption) | (2) Date Month Day | (3) Value Code2 (J-P) | (4) Gain Code1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
|---|---|---|---|---|---|---|---|---|---|
| **NONE** (No reportable income, assets, or transactions) | | _Page 4 of Part VII_ | | | | | | | |
| Merrill Lynch Account, Federal Home Loan | A | Prin. & Int. | J | T | | | | | |
| Mortgage Certificates | | | | | | | | | |
| Merrill Lynch Corporate Income Fund | A | Princ. | J | T | | | | | |
| Merrill Lynch Cash Management Account | A | Int. | J | T | | | | | |
| First National Bank of Georgia, Buchanan, Ga. | C | Int. | M | T | | | | | |
| | | | | | | | | | |
| Sale of Pulpwood to Bristol Timber Co. | | | | | Sale | 7/20/04 | J | D | Bristol Timber Company |
| Waleska, GA | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | I have no beneficial interest in assets | | | | | | | |
| | | in Trust I. | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |



| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| | Harold L. Murphy | 3-7-05 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS (Indicate part of Report.)

In 1995 I sold my one-half interest in a tract of unimproved land in Haralson County, Ga. which I owned jointly with Kenneth Summerville. Mr. Summerville and I took security deeds and notes against various tracts of property sold to purchasers. Page 2 of Part VII of this Financial Disclosure Report shows my interest in the lien and indebtedness against a tract of property from these transactions in which I have an interest and received income in 2004. I held a one-half interest in the lien against the property shown and as described in the report. The other one-half interest was held by Kenneth Summerville.

The outstanding indebtedness on the last tract of property against which Mr. Summerville and I held security deeds was paid in full in November 2004 and there is no other property left upon which a report on these transactions is required in the future.

While I remain executor of Estate Number 2, all assets were distributed to the heirs in 1998. The assets were cash.

First Polk Bankshares, Inc. and Upson Bankshares, Inc. merged on September 30, 2004. The resulting corporation is Southcrest Financial Group, Inc. Since all the ownership interests in First Polk Bankshares, Inc. have been merged into Southcrest Financial Group, Inc. there will be no further reports of any interest in First Polk Bankshares, Inc.

First Haralson Corporation is the holding company for First National Bank of Georgia and should not have been listed in the past as First Haralson Holding Company. This mistake is being corrected on previous Financial Disclosure Reports.

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app., § 501 et. seq., 5 U.S.C. § 7353 and Judicial Conference regulations.



Signature _____        Date _____ March 7, 2005 _____

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. App. § 104.)

FILING INSTRUCTIONS

Mail signed original and 3 additional copies to:

Committee on Financial Disclosure
Administrative Office of the
United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544